UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNA MARIE KATZ,

           **Plaintiff,**

v.                                                          Case No. 6:18-CV-1131-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

           **Defendant.**
_____/

## ORDER

Anna Marie Katz (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for disability and Supplemental Security Income benefits. Doc. Nos. 1, 22. Claimant alleges a disability onset date of August 5, 2014. R. 10. Claimant argues that the decision should be reversed because of the following: 1) the ALJ failed to consider Claimant's diagnosis of borderline personality disorder ("BPD"); and 2) the ALJ's finding that Claimant did not suffer any severe mental impairments was not supported by substantial evidence. Doc. No. 22. For the reasons stated below, the ALJ's final decision is **AFFIRMED**.

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision

1

is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

I. **ANALYSIS**

At Step Two, the ALJ found that Claimant had the following severe impairments: anemia and a history of dysfunctional uterine bleeding. R. 12. The ALJ noted that Claimant also alleged depression and attention deficit disorder ("ADHD"). R. 13. The ALJ considered the opinions of two examining and two non-examining state agency experts regarding Claimant's mental impairments and weighed them. R. 13-14, 17-18. The ALJ considered Claimant's GAF score of 50 from December 2012. R. 14. The ALJ further considered Claimant's medical records from treating physicians which reflected a lack of treatment, her refusal to take medication or engage in therapy, and a lack of reported symptoms. R. 13-14, 17-18.

After completing a consultative examination, Dr. Paulillo diagnosed Claimant with BPD and depression but was unable to give a prognosis because of the questionable validity of the information Claimant provided.[1] R. 333. At this evaluation, Dr. Paulillo reported that Claimant

---

[1] Dr. Paulillo's diagnosis was as follows:

> While Ms. Katz stated she had panic attacks, her description of the events were vague, and did not meet criteria for a panic attack and seemed instead an overreaction to stress. Ms. Katz also state she

2

stated she is capable of "eating, dressing, bathing, sitting, standing, walking, reading, cooking, using the telephone, doing laundry, and cleaning for herself, 'depending on whether I am sick.' (in a weak or heavy bleeding cycle)." R. 333. Dr. Paulillo found that Claimant did not appear to complete tasks in a timely manner based on her verbal history and interview behavior and that Claimant demonstrated the ability to follow simple 1-2 step instructions, which require understanding and memory. R. 333. Dr. Paulillo also observed that Claimant "appeared to have difficulty focusing and concentrating during our interactions, although some of this appeared deliberate" and Claimant "appeared to attempt to present herself in an overly symptomatic manner." R. 330. Dr. Paulillo reported that "Given [certain] inconsistencies, the validity and reliability of the information provided by Ms[.] Katz during this evaluation appears questionable." R. 330. With respect to her prognosis, Dr. Paulillo indicated that she could not:

> reasonably provide a prognosis due to the questionable validity of the information provided by Ms. Katz. Ms. Katz has a pattern of maladaptive dramatic behaviors and has likely become used to a moderate level of distress, as evidenced by her refusal to comply with certain psychiatric medication recommendations. It is unlikely she will be motivated to affect change.

R. 333.

Claimant's diagnoses of BPD and depression were listed as severe in the Social Security Disability Determination and Transmittal prepared by non-examining expert Dr. Sandrik. R. 88, 90. Dr. Sandrik found that Claimant would have moderate difficulties in maintaining concentration, persistence, and pace and in social functioning. R. 88. Similarly, on

---

experiences anxiety, however her description of the anxiety seems to be rumination and depression. Ms. Katz's dramatic presentation and anger, combined with her employment history and interpersonal difficulties indicate a personality disorder.

R. 333. Dr. Paulillo also noted that Claimant's affect was overdramatic, inappropriate to the situation, and inconsistent with observed behavior. R. 332. She observed Claimant's attention was good and her delayed recall was poor but that she did not appear to be trying to complete the task, and Claimant stated she hated memory tasks and did not appear to be putting forth a good attempt. R. 332.

3

reconsideration, Dr. Rudmann also found Claimant would have moderate difficulties in maintaining social functioning and concentration, persistence, and pace. R. 106. However, both non-examining experts acknowledged the concerns expressed by Dr. Paulillo about Claimant's behavior at her consultative psychological examination, and the fact that Dr. Paulillo was unable to provide a prognosis. R. 88, 90, 106. Dr. Cooper examined Claimant approximately nine days after Dr. Paulillo. At that time, Dr. Cooper also noted Claimant's history of depression, anxiety, panic attacks, and ADHD but observed upon examination that she was not emotionally distressed, was pleasant, cooperative, and that there was no evidence of anxiety or depression. R. 336-37. Dr. Cooper provided the following "functional assessment/medical source statement":

> Within the limits of her education, training, and experience, she should have no difficulties with work-related mental activities involving understanding and memory, sustained concentration and persistence, social interaction and adaptation.

R. 339. Dr. Cooper noted "no anxiety or depression," that Claimant "followed requests quickly and appropriately" and her "[t]hought processes were logical, sequential, and goal directed." R. 339.

The ALJ gave little weight to all but Dr. Cooper's opinion with respect to Claimant's mental abilities because Dr. Paulillo could not offer a prognosis for Claimant and because the other opinions did not track with other record evidence, specifically a lack of treatment for mental illness and no reports of depressive symptoms in Claimant's treatment records. R. 13-14, 17-18. The ALJ found that "the moderate limitations [suggested by Drs. Sandrik and Rudmann] are not consistent with the lack of treatment, the refusal to take medications, the invalid examinations, and the negative clinical signs." R. 14. The ALJ noted that Dr. Cooper found "no limitations in understanding, memory, sustained concentration, persistence, social interaction, or adaptation." R. 14.

4

The ALJ found Claimant's depression and ADHD were not severe and would not have more than minimal limitations on Claimant's work ability. R. 13. The ALJ found that Claimant's RFC was "light work" with the following limitations: can occasionally climb ramps and stairs; can never climb ladders or scaffolds; can frequently balance; and can have occasional exposure to temperature extremes, wetness, humidity, vibration, environmental pollutants, unprotected heights, and dangerous moving machinery." R. 15. Thus, the RFC contains no mental limitations. R. 15. The ALJ then found that Claimant was capable of performing her past relevant work as a retail manager and sales clerk. R. 18. The ALJ made an alternative finding that even if Claimant could not perform her past relevant work, there are other jobs existing in the national economy she is able to perform. R. 18. The ALJ included an additional hypothetical at the hearing regarding mental limitations, and also propounded additional interrogatories to a Vocational Expert ("VE") after the administrative hearing. R. 77-79; 288-92.

### A. Claimant's BPD diagnosis.

Claimant first argues that the ALJ's decision must be remanded because the ALJ did not specifically consider Dr. Paulillo's diagnosis of BPD at Step Two. Doc. No. 22 at 17. The Commissioner argues the ALJ did not have to consider this diagnosis because Claimant failed to allege she was disabled due to her BPD and failed to demonstrate how her BPD constitutes a severe impairment that affected her ability to perform work-related activities. Doc. No. 22 at 20.

A claimant applying for supplemental security income must prove she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At the second step, a claimant must demonstrate she has a severe impairment or combination of impairments. *Id.* An ALJ is "under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the

hearing as a basis for disability.'" *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005)[2] (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)).

While it is true the ALJ did not mention Claimant's BPD diagnosis in her decision, Claimant, who was represented by counsel, failed to allege, either in her application or at the administrative hearing, that she was disabled by BPD. R. 10-20, 39, 83, 39-81. Claimant has failed to show how her BPD resulted in any disability limitations, let alone that any such limitations are beyond those in the RFC. *See Torres v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 216154, at *5-6 (M.D. Fla. Dec. 3, 2018) ("mere existence" of fibromyalgia did not reveal extent to which plaintiff's ability to work was impacted and could not undermine the ALJ's determination even where plaintiff did not allege fibromyalgia as a basis for her alleged disability and ALJ did not discuss plaintiff's fibromyalgia directly). A review of the record indicates the ALJ expressly considered "all opinions regarding Claimant's mental functioning" but ultimately found Claimant had no mental limitations that affected her ability to work based on Dr. Cooper's opinion and Claimant's medical records as a whole. R. 13-14. Thus, Claimant's first argument is rejected.

B. <u>The ALJ's finding of no severe mental impairments.</u>

Claimant next argues that the ALJ's finding that Claimant had no severe mental impairments is not supported by substantial evidence. Doc. No. 22 at 21. The Commissioner argues that Claimant failed to meet her Step Two burden and that substantial evidence supports the ALJ's conclusion that Claimant's mental health impairments only mildly impacted her ability to perform work-related activities. Doc. No. 22 at 25-27. The Commissioner points to Claimant's treatment records which do not reflect significant mental health symptoms. Doc. No. 22 at 26-27.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The Commissioner also points out that Claimant has not challenged the weight given to the examining and non-examining state agency experts' opinions. Doc. No. 22 at 27-28. Finally, the Commissioner argues that any error is harmless because the ALJ found in Claimant's favor at Step Two. Doc. No. 22 at 29. Thus, when the ALJ found Claimant had severe impairments, and then went on to consider Claimant's entire medical condition, that was sufficient and any potential error was harmless. Doc. No. 22 at 19.

At Step Two, the ALJ must determine whether Claimant has a medical impairment which is severe. 20 C.F.R. § 416.920(a)(4)(ii). The severity of an impairment is "measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Lucas v. Berryhill*, No. 8:17-cv-2246, 2019 U.S. Dist. LEXIS 31788, at *6 (M.D. Fla. Feb. 28, 2019) (quoting *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005)). The finding of any severe impairment is enough to satisfy step two and if an ALJ finds any severe impairment at step two and proceeds beyond that step in the sequential analysis, any error in failing to find a claimant suffered from other severe impairments is harmless. *Lucas*, 2019 U.S. Dist. LEXIS 31788, at *7 (citing *Gray v. Comm' r of Soc. Sec.*, 550 F. App'x 850, 853-54 (11th Cir. 2013)). After making such a determination, an ALJ has an obligation to consider all of a claimant's impairments in combination. *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011).

Because the ALJ found Claimant suffered from a severe impairment at Step Two, any error in failing to find Claimant suffered from any other severe impairments is harmless.[3] Remand is

---

[3] Claimant also argues in her Step Two challenge that the ALJ penalized Claimant for not seeking treatment when, in fact, there was evidence she could not afford therapy or medication. Doc. No. 22 at 22. Claimant argues that she testified "many times that she could not pursue treatments due to lack of insurance." Doc. No. 22 at 31 (citing R. 45, 56, 66, 67). While the ALJ's finding of a severe impairment renders this argument moot, a review of the ALJ's decision reflects that Claimant's refusal to treat was not the primary reason for finding Claimant's impairments were

7

not required on this issue. *Lucas*, 2019 U.S. Dist. LEXIS 31788, at *7; *Gray*, 550 F. App'x at 853-54.

## II. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE AND ORDERED** in Orlando, Florida, on October 9, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Suzanne Harris, Esq.
Olinsky Law Group
6700 S. Florida Avenue, Suite 31
Lakeland, Florida 33813

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa Street
Suite 3200
Tampa, Florida 33602

---

not severe. Instead, the ALJ cited normal findings in the four broad areas of mental functioning, the questionable validity of Dr. Paulillo's examination, negative clinical signs in Claimant's medical records, *and* a lack of treatment generally in finding that Claimant's mental limitations were not work preclusive. R. 14. Thus, any failure to directly address her inability to pay was not error. *Holmes v. Comm'r Soc. Sec.*, No. 6:16-cv-737, 2017 WL 583386, at *5 (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) ("When an ALJ relies on non-compliance as the sole ground for the denial of disability benefits and the record contains evidence showing that the claimant is unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment.").

Christopher G. Harris, Regional Chief Counsel
John A. Stoner, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
John Molinaro, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Valencia Jarvis
U.S. Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Suite 1000, 10th Floor
500 East Broward Boulevard
Ft. Lauderdale, Florida 33394-3026